UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL SAXTON, | ) |
| | ) |
| Plaintiff, | ) Case: 1:24-cv-07790 |
| | ) |
| v. | ) |
| | ) |
| BURKE, WARREN, MACKAY & SERRITELLA, P.C., | ) |
| | ) |
| and | ) Jury Trial Demanded |
| | ) |
| BEACON HILL STAFFING GROUP, | |
| | |
| Defendants. | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff, Michael Saxton ("Plaintiff"), by and through the undersigned counsel, hereby files this First Amended Complaint ("FAC") against Burke, Warren, Mackay & Serritella, P.C. ("BWMS"), and Beacon Hill Staffing Group ("Beacon")(collectively, "Defendants"), and in support states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendants' discrimination on the basis of Plaintiff's disability, Defendants' failure to accommodate Plaintiff's disability, and Defendants' retaliation against Plaintiff for engaging in protected activity under the ADA.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern

1

Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendants operate and transact business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*, have occurred or been complied with.

5. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff against BWMS with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

6. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff against Beacon with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "B").

7. Plaintiff received a Notice of Right to Sue from the EEOC against BWMS (attached hereto as Exhibit "C"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

8. Plaintiff received a Notice of Right to Sue from the EEOC against Beacon (attached hereto as Exhibit "D"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

9. At all times material to the allegations of this FAC, Plaintiff, Michael Saxton, resides in Cook County in the State of Illinois.

10. At all times material to the allegations in this FAC, Defendant, Burke, Warren, Mackay & Serritella, P.C., is a corporation doing business in and for Cook County whose address is 330 North Wabash Avenue, Suite 2100, Chicago, IL 60611-3673.

11. At all times material to the allegations in this FAC, Defendant, Beacon, is a corporation doing business in and for Cook County whose address is 200 Madison Stret, Suite 1100, Chicago, IL 60606.

12. Plaintiff was jointly employed by Defendants as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

13. During the applicable limitations period, Defendant BWMS has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

14. During the applicable limitations period, Defendant Beacon has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## BACKGROUND FACTS

15. Plaintiff was hired by BWMS as a legal assistant on or around August 1, 2023.

16. Plaintiff was hired by BWMS through Beacon which is a staffing agency.

17. Defendants both held a position of power over Plaintiff and controlled and supervised his work and job opportunities.

18. Defendants both vetted and trained Plaintiff for the specific skills and experience needed to perform an intricate role within their businesses.

19. Plaintiff's essential job duties included providing administrative support to attorneys, managing legal documents, and coordinating communications within the firm.

20. Plaintiff was diagnosed with cancer on or about October 6, 2023, which is a physical impairment that substantially limits major life activities.

3

21. Plaintiff is "qualified individual" as defined under the ADA.

22. Once Plaintiff learned of his diagnosis, he reported it to BWMS.

23. Plaintiff also informed Beacon of his diagnosis.

24. Typically, Defendant BWMS has a 3-day work from the office policy.

25. This means that employees were required to come into the office for work three (3) days a week.

26. After starting treatment for his cancer, Plaintiff attempted to come into the physical office location for Defendant BWMS as many days per week as possible.

27. However, Plaintiff's cancer treatments forced him to wear a mask and conduct office work in his outdoor coat due to the physical effects of his cancer treatments.

28. Therefore, Plaintiff realized that he could no longer come into the office three days a week without risking greater damage to his health.

29. On November 10, 2023, Plaintiff requested reasonable accommodation to work from home permanently due to the physical effects of his ongoing cancer treatments, as advised by his doctor.

30. Defendant BWMS responded on November 12, 2023, stating that they would determine if the requested accommodation was reasonable.

31. While Plaintiff waited on a reply from BWMS, he continued to perform all of his job duties from home.

32. However, in or around December 2023, Plaintiff was informed by Beacon that BWMS was actively seeking his replacement.

33. Defendant BWMS had never responded to his request for reasonable

4

accommodation.

34. On December 21, 2023, Plaintiff was terminated, ostensibly because he could not meet the in-office requirement.

35. Following his unlawful termination from BWMS, Plaintiff reached out to Beacon to see if they could find work for him elsewhere.

36. However, Beacon did not respond to Plaintiff's request for a placement that would follow his reasonable request for accommodation.

37. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

38. Plaintiff could and did perform the essential functions of his job from home, as demonstrated by his continued work efforts despite his illness.

39. Ultimately, on or about December 21, 2023, Plaintiff was terminated on the basis of his disability and engaging in protected activity as described above.

40. The purported justification for termination was unlawful discrimination based on disability or because Defendants perceived Plaintiff as disabled.

## COUNT I
**Violations of the Americans with Disabilities Act**
**(Disability-Based Discrimination)**

41. Plaintiff repeats and re-alleges paragraphs 1-47 as if fully stated herein.

42. By virtue of the conduct alleged herein, Defendants intentionally discriminated against Plaintiff based on Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

43. Plaintiff met or exceeded performance expectations, as evidenced by the lack of

write ups or negative performance remarks in his employee file.

44. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

45. Defendants terminated Plaintiff's employment on the basis of Plaintiff's disability.

46. Defendants' conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

47. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

48. Defendants acted in willful and reckless disregard of Plaintiff's protected rights.

49. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
**Violation of Americans with Disabilities Act**
**(Failure to Accommodate)**

50. Plaintiff repeats and re-alleges paragraphs 1-47 as if fully stated herein.

51. By virtue of the conduct alleged herein, Defendants engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*

52. Plaintiff is a qualified individual with a disability.

53. Defendants were aware of the disability and the need for accommodations.

54. The Defendants failed to engage in the interactive process to determine the

appropriate accommodations after Plaintiff requested reasonable accommodations.

55. Plaintiff's reasonable accommodation that was requested was not an undue burden on the Defendants.

56. The Defendants did not accommodate Plaintiff's disability.

57. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, due to Plaintiff's disability.

58. The Defendants acted in willful and reckless disregard of Plaintiff's protected rights.

59. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Americans with Disabilities Act
### (Retaliation)

60. Plaintiff repeats and re-alleges paragraphs 1-47 as if fully stated herein.

61. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

62. During Plaintiff's employment with Defendants, Plaintiff requested the reasonable accommodation of moving to a permanent work from home schedule while he continued to undergo treatments for his cancer.

63. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendants under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

64. In response to Plaintiff's complaint, Defendants failed to conduct a prompt,

thorough, and objective investigation of Plaintiff's complaint of disability-based harassment or discrimination.

65. The Defendants also failed to take necessary precautions to prevent further recurrences of the discriminatory or harassing conduct complained of by Plaintiff.

66. By virtue of the foregoing, the Defendants retaliated against Plaintiff based on Plaintiff requesting reasonable accommodations, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

67. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

68. The Defendants acted in willful and reckless disregard of Plaintiff's protected rights.

69. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against the Defendants as follows:

    a. Back pay;

    b. Payment of interest on all back pay recoverable;

    c. Front pay;

    d. Loss of benefits;

    e. Compensatory and punitive damages;

      f.      Reasonable attorneys' fees and costs;

      g.      Award pre-judgment interest if applicable; and

      h.      Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 12th day of November, 2024.

        /s/ *Nathan C. Volheim*
        **NATHAN C. VOLHEIM, ESQ.**
        IL Bar No.: 6302103
        **SULAIMAN LAW GROUP LTD.**
        2500 S. Highland Avenue, Suite 200
        Lombard, Illinois 60148
        Phone (630) 568-3056
        Fax (630) 575 - 8188
        nvolheim@sulaimanlaw.com
        *Attorney for Plaintiff*